**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOKIDOKI, LLC,<br><br>            Plaintiff-Appellant,<br><br>    v.<br><br>FORTUNE DYNAMIC, INC.,<br><br>            Defendant-Appellee. | No. 09-56388<br><br>D.C. No. 2:07-cv-01923-DSF-PJW<br><br><br>ORDER WITHDRAWING MEMORANDUM AND DENYING PETITION FOR PANEL REHEARING AND REHEARING EN BANC |
| TOKIDOKI, LLC,<br><br>            Plaintiff-counter-defendant-<br>            Appellee,<br><br>    v.<br><br>FORTUNE DYNAMIC, INC.,<br><br>            Defendant-counter-claimant-<br>            Appellant. | No. 10-55661<br><br>D.C. No. 2:07-cv-01923-DSF-PJW |

Before:  PREGERSON, FISHER and BERZON, Circuit Judges.

The memorandum filed May 25, 2011, is **WITHDRAWN.**  A new

memorandum is filed concurrently with this order.

The panel has voted to deny the petition for panel rehearing and rehearing en banc.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for panel rehearing and the petition for rehearing en banc filed June 8, 2011, are **DENIED**.

No further petitions for rehearing will be entertained.



FILED

AUG 02 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TOKIDOKI, LLC,

        Plaintiff-Appellant,

   v.

FORTUNE DYNAMIC, INC.,

        Defendant-Appellee.

No. 09-56388

D.C. No. 2:07-cv-01923-DSF-PJW

MEMORANDUM[*]

TOKIDOKI, LLC,

        Plaintiff-counter-defendant-
        Appellee,

   v.

FORTUNE DYNAMIC, INC.,

        Defendant-counter-claimant-
        Appellant.

No. 10-55661

D.C. No. 2:07-cv-01923-DSF-PJW

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted May 2, 2011
Pasadena, California

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: PREGERSON, FISHER and BERZON, Circuit Judges.

Tokidoki appeals an adverse judgment on its trademark infringement and unfair competition claims. Fortune Dynamic, Inc. appeals the denial of its motion for attorney's fees. We affirm in part, vacate in part and remand.

1. The district court properly granted Fortune's counterclaim for cancellation of Tokidoki's trademark registration under 15 U.S.C. § 1064. The court did not apply an erroneous legal standard because, even though the court relied on the negligence standard articulated in *Medinol Ltd. v. Neuro Vasx, Inc.*, 67 U.S.P.Q.2d (BNA) 1205, 1209 (T.T.A.B. 2003), it ruled in the alternative that Tokidoki satisfied the stricter knowledge standard adopted in *In re Bose Corp.*, 580 F.3d 1240, 1245 (Fed. Cir. 2009). The court's factual findings on knowledge of falsity and intent to induce reliance were not clearly erroneous.

2. The court properly rejected Tokidoki's trademark infringement and unfair competition claims. Even assuming that Tokidoki's heart and crossbones design is a strong mark, the court's finding that Tokidoki failed to establish likelihood of confusion in this particular case, in light of the *Sleekcraft* factors as a whole, is not clearly erroneous. *See AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979). The parties' products were sold in different stores, at different prices and with distinct labeling. The court rejected the survey by

Tokidoki's expert, so there was no evidence of actual confusion. There was thus no clear error in the court's finding that "the goods are not so related or the marketing channels so similar as to be likely to cause confusion."

The district court was not required to consider the possibility of post-sale confusion because Tokidoki did not raise that issue in the district court. *See Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992) (to avoid forfeiture, an argument "must be raised sufficiently for the trial court to rule on it"). We also decline to address the issue for the first time on appeal; the current record is insufficiently developed to permit such review. *See WildWest Inst. v. Bull*, 547 F.3d 1162, 1172-73 (9th Cir. 2008).

Because the district court properly rejected Tokidoki's Lanham Act claims, we need not consider Tokidoki's arguments that the district court erroneously denied Tokidoki's claims for damages and injunctive relief.

3. In denying Fortune's motion for attorney's fees under the Copyright and Lanham Acts, the district court gave undue weight to the fact that Tokidoki survived Fortune's motion for summary judgment. The summary judgment ruling should have been afforded little or no weight in deciding whether to award fees, given that many of the factual contentions upon which Tokidoki relied at the summary judgment stage were not borne out at trial. We accordingly vacate the

3

denial of fees and remand to the district court to reconsider Fortune's motion, giving little, or even no, weight to the court's summary judgment ruling. We express no opinion on whether fees should be awarded.

We affirm the judgment in favor of Fortune in No. 09-56388. In No. 10-55661, we vacate the order denying the motion for attorney's fees and remand for reconsideration of the motion.

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, VACATED IN PART AND REMANDED.**

4